UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AYATOLLAH ORAFAN, et al.,

                Plaintiffs,

   v.

BRIAN FISCHER, et al.,

                Defendants.

9:95-CV-0318
(TJM)(CFH)
(Lead Case)

---

AYATOLLAH ORAFAN, et al.,

                Plaintiffs,

   v.

BRIAN FISCHER, et al.,

              Defendants.

9:00-CV-2022
(TJM)(CFH)
(Member Case)

---

APPEARANCES:

ANTWON DENNIS, a/k/a Abdul Wali
93-A-1582
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY
Senior United States District Judge[1]

## DECISION and ORDER

---

[1] Plaintiff addresses his request to the Hon. Paul A. Magnuson, a Senior United States District Judge from the District of Minnesota, who had previously presided over this action beginning on June 19, 2003, having been assigned to sit by designation in the Northern District of New York. *See* Dkt. No. 141. This case has now been re-assigned to the undersigned for the purpose of addressing plaintiff Dennis's motion.

## I.  INTRODUCTION

Plaintiff Antwon Dennis, together with several other plaintiffs, commenced two separate civil actions pro se.  The first, civil action No. 9:95-CV-0318 (the "Lead Case"), was filed in 1995, and alleged discrimination against Shiite inmates by various prison officials and challenged DOCCS's religious policies.[2]  The second, civil action No. 9:00-CV-2022 (the "Member Case"), was filed in 2000 after the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, was enacted and challenged the same policies and practices under the new law.[3]  The actions were consolidated on April 20, 2004.  See Dkt. No. 175.  An amended consolidated complaint was filed on May 19, 2004.  Dkt. No. 186 ("Am. Compl.").  Plaintiffs, all identified as Shiite Muslims, alleged violations of their rights to freely practice Shiite Islam and to be free from the establishment of Sunni Islam.  *See generally* Am. Compl.  Specifically, plaintiffs' primary claim was that defendants violated their rights in not providing them with a separate Jumah service led by a Shiite prayer leader.[4]  *Id*.

In October 2008, this action was terminated when the parties entered into a Private Settlement Agreement wherein the New York State Department of Corrections and Community Supervision ("DOCCS")[5] agreed to "accommodate the plaintiffs by affording them an alternative Shiite Muslim Jumah service, pursuant to . . . procedures and conditions . . .

---

[2]  Unless otherwise noted, all references to ECF docket numbers are to the Lead Case.

[3]  See Dkt. No. 329 at 1-5 (outlining relevant early history of this consolidated action).

[4]  A Jumah service is a Friday prayer service.  *See* Dkt. No. 329 at 3 n.3.

[5]  Although the Private Settlement Agreement refers to the New York State Department of Correctional Services ("DOCS"), in April, 2011, DOCS merged with the New York State Division of Parole ("DOP") to form a new agency referred to as the Department of Corrections and Community Supervision ("DOCCS").  See http://www.docs.state.ny.us/.  The Court will therefore refer to the agency as DOCCS.

enumerated in the Private Settlement Agreement."[6]  *See* Dkt. No. 406.  As a result of the Private Settlement Agreement, the consolidated action was closed on November 3, 2008.  *Id*.

Currently before the Court is plaintiff Dennis's letter motion (Dkt. No. 407)[7] which the Court liberally construes as seeking Court-enforcement of the Private Settlement Agreement.[8]  Plaintiff claims that Sing Sing Correctional Facility, where he is presently incarcerated, is not providing a separate Shiite Jumah service as required by the Private Settlement Agreement.  *Id*. at 1.

## II. DISCUSSION

"[A] federal court lacks jurisdiction to enforce a settlement agreement in a closed case in the absence of an independent basis for jurisdiction or a dismissal order specifically reserving such authority."  *Supervalu Inc. v. Ectaco Inc.*, No. 10 CV 5267, 2011 WL 3625567, at *1 (E.D.N.Y. Aug. 12, 2011) (citing *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994)).  This is because "[e]nforcement of the settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen*, 511 U.S. at 378.  "It is 'well settled' that a district court may 'exercise ancillary jurisdiction to enforce a settlement agreement only if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated it into the order.'"  *Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel.*

---

[6]  At the time of the Private Settlement Agreement, the plaintiffs were no longer pro se, but were represented by counsel.  *See* Dkt. No. 406.

[7]  A copy of plaintiff's letter motion is also filed in the Member Case at docket number 78.  Because the actions were consolidated, the Court need only address the letter motion as filed in the Lead Case.

[8]  Submissions of a pro se litigant "must be liberally construed" to raise the strongest arguments that they suggest.  *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007).

*O'Sick v. DiBernardo Tile and Marble Co.*, No. 1:08-CV-0044, 2012 WL 3508931, at *2 (N.D.N.Y. Aug. 14, 2012) (quoting *State Street House, Inc. v. New York State Urban Development Corp.*, 75 F. App'x 807, 810 (2d Cir. 2003)); *see also Kokkonen*, 511 U.S. at 381.  Otherwise, "construction and enforcement of private settlement agreements is a matter for state courts."  *Lemus v. Manhattan Car Wash, Inc.*, No. 06 Civ. 15486, 2010 WL 1372705, at *3 (S.D.N.Y. Mar. 26, 2010) (footnote omitted); *see In re American Express Financial Advisors Securities Litigation*, 672 F.3d 113, 134 (2d Cir. 2011) (noting that "motion[s] to enforce or otherwise apply a settlement in a case that [a federal court] has previously dismissed ... are essentially state-law contract claims to be litigated in the state courts" (internal citation omitted)).

"Private settlements do not entail the judicial approval and oversight involved in consent decrees."  *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604 n.7 (2001).  "[T]he district court's express retention of jurisdiction over the enforcement of the parties' settlement agreement," constitutes an action that "carries with it sufficient judicial imprimatur."  *Torres v. Walker*, 356 F.3d 238, 244 (2d Cir. 2004) (citing *Roberson v. Giuliani*, 346 F.3d 75, 81-82 (2d Cir. 2003)).  However, a "so ordered stipulation of dismissal ... does not carry with it a 'sufficient judicial imprimatur,'" unless it contains "a provision expressly retaining jurisdiction to monitor compliance with the terms of the parties' settlement."  *Id.*

Here, the Private Settlement Agreement did not contain any provision retaining jurisdiction.  *See* Dkt. No. 406.  Although the agreement states that "*Plaintiffs* retain the right to enforce this private settlement agreement," *id*. at 2 (emphasis added), the document does

4

not make any reference to the *court* retaining jurisdiction.  Instead, the language in the Agreement indicates that the parties intended the Agreement to be private rather than court-supervised.  For example, the settlement agreement is titled "**PRIVATE SETTLEMENT AGREEMENT**" and includes the word "private" twelve times in reference to the Settlement Agreement.  *Id*.

"[W]hile the Supreme Court's dicta in *Kokkonen* made reference to a district court's 'incorporating the terms of [a] settlement agreement in the [district court's] order,' the Court's restrictive language in *Buckhannon* requires not only the physical incorporation of the settlement in a district court's order but also some evidence that a district court intended to place its 'judicial imprimatur' on the settlement."  *Id*. at 244-45 n.6.  Although Judge Magnuson "so ordered" the Private Settlement Agreement, he only did so only after explicitly noting:  "THE COURT APPROVES THIS PRIVATE SETTLEMENT **AS TO FORM ONLY** AND IT IS SO ORDERED."  *Id*. at 8 (emphasis added).  The Private Settlement Agreement was docketed as an "Order approving private settlement agreement."  *Id*.  There was no separate order or judgment dismissing the case.  There is simply nothing in the Private Settlement Agreement to suggest that the Court intended to retain jurisdiction over the enforcement of the Agreement.

In light of the foregoing, the Court lacks subject-matter jurisdiction to enforce the Private Settlement Agreement.  Plaintiff Dennis's allegations that the Private Settlement Agreement is not being honored is, at best, a breach of contract claim which must be

pursued in state court.[9]  *State Street House, Inc.*, 75 Fed. App'x at 811.

Moreover, even if the Court were to conclude that it had jurisdiction to enforce the Private Settlement Agreement, plaintiff's request appears to be untimely.  By its terms the Private Settlement Agreement, which was finalized in 2008, could only be enforced for a period of three years.  *See* Dkt. No. 406 at 5 (noting that the private settlement agreement shall be for a term of three years from its execution and approval).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's letter motion (Dkt. No. 407) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff Antwon Dennis and on the New York State Attorney General's Office in Albany, New York.  The Clerk shall docket this Decision and Order in both the Lead Case and the Member Case.

**IT IS SO ORDERED.**

Dated: August 2, 2013

Thomas J. McAvoy
Senior, U.S. District Judge

---

[9]  Insofar as plaintiff alleges that his First Amendment rights to freely practice his religion are now being violated at Sing Sing Correctional Facility now, he is advised that he should address those concerns with the appropriate officials at Sing Sing Correctional Facility and DOCCS and, if necessary by filing an action in the appropriate court.